IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRANDON R. WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3157 |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM AND ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Brandon Wagner ("Wagner") claims in this Social Security appeal that the Commissioner's decision to deny him disability insurance benefits ("DIB") and supplemental security income ("SSI") is contrary to law and not supported by substantial evidence. The Commissioner's decision will be affirmed.

## I.   Background

On June 29, 2005, Plaintiff protectively filed applications for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and for SSI under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.*, alleging that he was unable to work due to bipolar disorder and mood swings. (Tr. 70.) Wagner's applications were denied initially and on reconsideration, and he appealed their denial to an administrative law judge ("ALJ").

An administrative hearing was held on June 17, 2008. (Tr. 22.) Wagner was present at the hearing and testified. (Tr. 12.) Thomas Dachelet, a vocational expert, also testified at the hearing. (*Id.*)

The ALJ issued an unfavorable decision on June 26, 2008, concluding that Wagner is not disabled under sections 216(i) and 223(d) of the Social Security Act and is not disabled under section 1614(a)(3)(A) of the Social Security Act. (Tr. 21.) In his decision, the ALJ evaluated Wagner's disability claim by following the five-step sequential analysis prescribed by the Social Security Regulations.[1] *See* 20 C.F.R. §§ 404.1520 and 416.920. In doing so, the ALJ found, in short, as follows:

1.  Wagner meets the insured status requirements of the Social Security Act through September 30, 2008. (Tr. 14.)

2.  Wagner has not engaged in substantial gainful activity since May 15, 2005, the alleged onset date. (*Id.*)

3.  Wagner has the following severe impairments: personality disorder,

---

[1] The Social Security Administration uses a five-step process to determine whether a claimant is disabled. These steps are described as follows:

> At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the RFC to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the Commissioner at the fifth step to prove that there are other jobs in the national economy that the claimant can perform.

*Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

bipolar disorder and polysubstance abuse. These impairments are severe and significantly affect Wagner's ability to work. (*Id.*)

4. Wagner does not have a medically determinable physical impairment that has lasted for twelve consecutive months. (*Id.*)

5. Wagner does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15.)

6. Wagner has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: he is limited to the performance of simple, repetitive tasks. Wagner is able to maintain attention and concentration, persistence, and pace. He is able to relate to and interact with others. He is able to adapt to usual changes in a work setting and adhere to safety rules. (Tr. 15-20.)

7. Wagner is capable of performing past relevant work as an assembler, forklift operator, stocker, press machine operator and construction laborer/mobile home setter. This work does not require the performance of work-related activities precluded by Wagner's residual functional capacity. (Tr. 20.)

8. Wagner has not been under a disability, as defined in the Social Security Act, from May 15, 2005, through the date of this decision. (*Id.*)

On July 11, 2008, Wagner requested review of the ALJ's decision by the Appeals Council. (Tr. 8.) The request for review was denied on June 22, 2009. (Tr. 4-7.) Thus, the ALJ's decision stands as the final decision of the Commissioner of Social Security.

## II.     Analysis

A denial of benefits by the Commissioner is reviewed to determine whether the denial is supported by substantial evidence on the record as a whole. *Hogan v. Apfel*, 239 F.3d 958, 960 (8th Cir. 2001). "Substantial evidence" is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *Id.* at 960-61; *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Evidence that both supports and detracts from the Commissioner's decision must be considered, but the decision may not be reversed merely because substantial evidence supports a contrary outcome. *See Moad v. Massanari*, 260 F.3d 887, 890 (8th Cir. 2001).

This court must also review the decision of the Commissioner to decide whether the proper legal standard was applied in reaching the result. *Smith v. Sullivan*, 982 F.2d 308, 311 (8th Cir. 1992). Issues of law are reviewed de novo. *Olson v. Apfel*, 170 F.3d 820, 822 (8th Cir. 1999); *Boock v. Shalala*, 48 F.3d 348, 351 n.2 (8th Cir. 1995).

Wagner makes two arguments on appeal. First, Wagner contends that the ALJ failed to give proper weight to the medical opinions of Dr. David L. Duke ("Dr. Duke") and Dr. A. James Fix ("Dr. Fix"), who each, at Wagner's request, performed consultative psychological examinations. (Filing 15. Pl.'s Br. Supp. Summ. J., at CM/ECF pp. 6-7.) Second, Wagner maintains that the ALJ improperly evaluated the credibility of his subjective complaints. (*Id.*) Wagner's arguments are without merit.

### 1.     Medical Evidence

Wagner contends that, in reaching his decision, the ALJ erroneously substituted his opinion for those of Dr. Duke and Dr. Fix. (Filing 15, Pl.'s Br. Supp. Summ. J., at CM/ECF pp. 8-12.) Wagner argues that, in considering these doctors' opinions, the ALJ improperly picked-out the portions of the opinions which support

4

his decision, but ignored the parts that do not. (*Id.*) Contrary to Wagner's contention, the ALJ properly evaluated the medical evidence of record.

Wagner mainly complains that the ALJ improperly rejected Dr. Fix and Dr. Duke's opinion that Wagner has a global assessment of functioning score ("GAF") of 45.[2] (Tr. 143, 179.) However, the medical evidence supports the ALJ's conclusion that a GAF score of 45 is inconsistent with Wagner's level of functioning. (Tr. 16-18.) Dr. Fix's evaluation states that at the time of Wagner's interview, Wagner showed no irritability and that his responses to questions were relevant and coherent. (Tr. 142.) Dr. Fix observed that Wagner was able to sustain concentration, complete tasks and understand and remember instructions. (Tr. 143.) Dr. Fix's report states that Wagner has the ability to work under ordinary supervision, but that his anger may intervene at times. (Tr. 143-44.) Dr. Fix's report also provides that Wagner does not have any restrictions on activities of daily living. (Tr. 143.) Similarly, Dr. Duke's report states that Wagner's memory is intact and that his attention and concentration are within normal limits. (Tr. 178.) During his examination, Dr. Duke observed that Wagner's thought processes were clear. (*Id.*) According to Dr. Duke's treatment notes, Wagner is able to secure his basic needs, work out daily, participate in sports and maintain friendships. (Tr. 177.) The ALJ's decision to reject portions of these practitioners' opinions, and, in particular, their assessed GAF score, was appropriate.

Also, the ALJ was not bound to consider the GAF score as indicative of Wagner's residual functional capacity ("RFC").[3] *Fowlkes v. Soc. Sec. Admin.*, No.

---

[2] The *Diagnostic and Statistical Manual of Mental Disorders,* Fourth Edition, Text Revision (DSM-IV-TR) states that the GAF scale is used to report the clinician's opinion as to an individual's level of functioning with regard to psychological, social, and occupational functioning. *See* DSM-IV-TR 34 (4th ed. 2000). A GAF score of 45 indicates serious difficulty in social and occupational functioning. (*Id.*)

[3] Residual functional capacity ("RFC") is what the claimant is able to do despite limitations caused by all of the claimant's impairments. *Lowe v. Anfel*, 226 F.3d 969, 972 (8th Cir. 2000) (*citing* 20 C.F.R. § 404.1545(a)).

7:08CV5007, 2009 WL 2840527, at *13 (D. Neb. Sept. 2, 2009). "While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy." *Howard v. Commissioner of Social Security*, 276 F.3d 235, 241 (6th Cir. 2002).

Moreover, Dr. Fix and Dr. Duke only evaluated Wagner on one occasion. A one-time evaluation by a non-treating psychologist is generally not entitled to controlling weight. *See Clark v. Apfel*, 141 F.3d 1253, 1256 (8th Cir. 1998) (citing *Loving v. Department of Health & Human Services*, 16 F.3d 967, 971 (8th Cir. 1994)). Additionally, it appears that these practitioners' assessments were largely based on Wagner's subjective complaints. As detailed below, there is substantial evidence to support the ALJ's conclusion that Wagner is not entirely credible. Thus, the ALJ was justified in according less weight to these practitioners' opinions. *See Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993) (finding that ALJ was justified in discrediting a medical opinion where the opinion was based solely on the claimant's complaints and was unsupported by other findings). Based on this evidence, the undersigned concludes that the ALJ properly evaluated and applied the medical evidence of record.

### 2. Wagner's Credibility

Wagner maintains that the ALJ erred in assessing the credibility of his subjective complaints. (Filing 15, Pl.'s Br. Supp. Summ. J., at CM/ECF pp. 12-19.) To assess a claimant's credibility, the ALJ must consider all of the evidence, including "prior work records and observations by third parties and doctors regarding daily activities, the duration, frequency, and intensity of pain, precipitating and aggravating factors, the dosage, effectiveness, and side effects of medication, and functional restrictions." *Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole. *Id.* at 972. "Where adequately explained and supported, credibility findings are for the ALJ to make." *Id.* (citing *Tang v. Apfel*, 205 F.3d 1084, 1087 (8th Cir. 2000)). The ALJ's conclusion that

6

Wagner is not fully credible is supported by substantial evidence.

Wagner's medical records indicate that his physical impairments are not as severe as he claims. Wagner contends that he is unable to work on account of extreme mood swings, anger control problems and difficulty maintaining concentration. (Tr. 200-01.) However, Dr. Fix and Dr. Duke each observed that Wagner's attention and concentration are within normal limits. (Tr. 143, 178.) According to Dr. Fix's treatment notes, Wagner is able to manage activities of daily living without assistance, relate to people appropriately and adapt to changes in his environment. (Tr. 143-44.) Similarly, Dr. Duke's treatment notes state that Wagner exercises, plays basketball and has several close friends. (Tr. 177.)

Further, the record shows that Wagner has sought little medical attention to treat his allegedly disabling conditions. In fact, at the time of the administrative hearing, Wagner was not under the care of a mental healthcare provider. (Tr. 18, 203.) The absence of treatment affects Wagner's credibility, as it suggests that his impairment is not as disabling as he claims. See *Williams v. Sullivan*, 960 F.2d 86, 89 (8th Cir. 1992) (finding that absence of treatment suggests that mental impairment not disabling).

There is also evidence which indicates that Wagner's condition improves with medical treatment. *Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) ("Impairments that are controllable or amenable to treatment do not support a finding of disability."). Wagner admits that he was prescribed medication to treat his mental impairment and that the medication helped his symptoms. (Tr. 170, 204.) Wagner also testified that he found counseling to be beneficial. (Tr. 203.) However, despite the recommendations of medical professionals, Wagner is no longer taking medication or participating in counseling. (Tr. 203-04.) Wagner's noncompliance with medical treatment casts serious doubt upon his credibility. See *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility."). While Wagner claims that he cannot afford treatment, there is no evidence that he was denied

treatment on account of his financial situation or that he sought help to obtain the necessary funds. (Tr. 19, 203-04.)

The ALJ is responsible for deciding questions of fact, including the credibility of a claimant's subjective testimony about his or her limitations. *See Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." *Id.* at 714. In this case, the ALJ pointed to substantial evidence in the record supporting his decision to discount Wagner's subjective allegations. As such, this court defers to the ALJ's credibility finding.

### 3. Wagner's Submission of Additional Evidence

Wagner claims that following the ALJ's unfavorable decision, he submitted additional evidence to the Appeals Council. According to Wagner, this evidence consisted of a Medical Source Statement ("MSS report") completed by Dr. Duke, dated July 17, 2008; a letter written by Wagner, dated July 10, 2008; and a letter from Wagner's mother, Betty Wagner, dated July 8, 2008. There is a dispute, however, as to whether the Appeals Council actually received or reviewed the MMS report or Wagner's letter, as neither of these documents are included in the court record.[4]

In any event, the undersigned concludes that even considering these new materials, substantial evidence supports the ALJ's decision. *See Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007) (stating that when the Appeals Council considers new evidence, but denies review, the court must determine whether the ALJ's decision is supported by substantial evidence, including the new evidence). The letters written by Wagner and his mother only argue that the ALJ should have reached a different outcome based on the evidence presented. (Tr. 187-94; Filing 22, Ex. 2.)

---

[4] Along with his reply brief, Wagner provided a copy of the MMS report and his letter. (Filing 22, Exs. 2, 3.) Wagner also submitted an affidavit from his attorney, Glen Murray, stating that the MMS report and letter were submitted to the Appeals Council. (Filing 22, Ex. 1.)

8

These letters, containing Wagner and his mother's opinions and conclusions, do nothing to advance Wagner's case. The ALJ's decision is not erroneous simply because Wagner and his mother would have weighed the evidence differently. Likewise, Dr. Duke's MMS report does not change the fact that the ALJ's decision is supported by substantial evidence. Dr. Duke's MMS report, like his initial report, is based on his on-time examination of Wagner and repeats much of the same information contained in the first report. (Filing 22, Ex. 3.) As previously discussed, the ALJ properly evaluated and applied Dr. Duke's medical opinion.

For the reasons stated, and after careful consideration of each argument presented in Wagner's brief, I find that the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

Accordingly,

IT IS ORDERED that judgment shall be entered by separate document providing that the decision of the Commissioner is affirmed.

June 4, 2010.

BY THE COURT:
*Richard G. Kopf*
United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.